# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00123-JAW-1 |
| | ) | |
| MYRON CROSBY, Jr. | ) | |

**ORDER ON MOTION TO DISMISS FOR INSUFFICIENT INDICTMENT**

Facing trial on a charge of conspiring to distribute and possess with intent to distribute heroin, Myron Crosby, Jr. moves to dismiss the indictment as insufficient. The Court denies the motion because it concludes the Indictment contains sufficient detail to allow Mr. Crosby to defend the charge and to bar double jeopardy.

## I. BACKGROUND and the PARTIES' POSITIONS

On September 14, 2017, a federal grand jury issued a one-count indictment against Myron Crosby, Jr., alleging participation in a conspiracy to distribute and possess with the intent to distribute heroin in violation of federal criminal law. *Indictment* (ECF No. 2). Count One alleges:

> Beginning on a date unknown, but not later than May 1, 2015, and continuing until a date unknown, but not earlier than January 25, 2016, in the District of Maine and elsewhere, defendant
>
> MYRON CROSBY, JR. a/k/a "Marion Crosby," a/k/a "Templer,"
>
> knowingly and intentionally conspired with others known and unknown to commit offenses against the United States, namely, the distribution and possession with the intent to distribute one kilogram or more of a mixture or substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

*Id.* at 1. In addition, the Indictment contains quantity allegations as to Mr. Crosby:

> It is further alleged that the amount of heroin involved in the conspiracy that is attributable to the named defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one kilogram or more of heroin, a Schedule I controlled substance, and, therefore, the mandatory minimum penalty of provisions of Title 21, United States Code, Section 841(b)(1)(A) apply to each defendant.

*Id.* at 1-2.

### A. Mr. Crosby's Position

On May 17, 2018, Mr. Crosby moved pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) to dismiss the Indictment "for a Failure of Adequate or Sufficiently Specific Indictment Allegations." *Def.'s Mot. to Dismiss for Insufficient Indictment* (ECF No. 48) (*Def.'s Mot.*). He argues that the Indictment fails to allege sufficient facts to allow him to prepare a defense or defend against a future charge on the ground of double jeopardy. *Id.* at 4-5. He also critiques the Indictment's failure to name any of his alleged co-conspirators and its temporally open-ended nature. *Id.* at 5. Mr. Crosby anticipates and rejects any argument by the Government that an invalid indictment can be cured by a Bill of Particulars. *Id.* at 5.

### B. The Government's Position

The Government responded to Ms. Crosby's motion on May 22, 2018. *Gov't's Opp'n to Def.'s Mot. to Dismiss for Insufficiency of the Indictment* (ECF No. 57) (*Gov't's Opp'n*). The Government urges denial of the motion to dismiss, citing caselaw for the proposition that an indictment for conspiracy under 21 U.S.C. § 846 "is sufficient if it alleges a conspiracy to distribute drugs, the time frame during which the conspiracy

was operative and the statute allegedly violated, even if it fails to allege any specific overt act in furtherance of the conspiracy." *Id.* at 2-3 (quotation and citations omitted). The Government represents that an indictment need not name all of the co-conspirators. *Id.* at 3 (citing *United States v. Penagaricano-Soler*, 911 F.2d 833, 840 n.5 (1st Cir. 1990). It also states that generality in the dates alleged in an indictment is permissible and that "[t]he First Circuit has recognized that date specificity is not a substantive element of a conspiracy offense under 21 U.S.C. § 846." *Gov't's Opp'n* at 3 (citing *United States v. Gonzalez*, 915 F.2d 1557, 1990 WL 152337, *5 (1st Cir. 1990)). The Government quotes Judge Hornby's observations about similar arguments:

> This defendant is hardly the first to criticize the way conspiracy law favors the government in pursuing criminal charges. But the law is clear that it is sufficient for the indictment to allege approximate time parameters and that the indictment need not identify all members of the conspiracy but can refer to others known and unknown to the grand jury.

*United States v. Worthy*, 842 F. Supp. 2d 396, 398 (D. Me. 2012).

## II. DISCUSSION

### A. Motions to Dismiss an Indictment: General Principles

By returning an indictment, a grand jury is carrying out a constitutional function set forth in the Bill of Rights. U.S. CONST. amend. V (stating that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"). Unlike civil actions, an indictment is not generally subject to dispositive motion practice. "'[D]ismissing an indictment is an extraordinary step.'" *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) (quoting

*United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)). In *Whitehouse v. United States District Court*, the First Circuit observed that "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances." 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)).

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). To prove a drug conspiracy under 21 U.S.C. § 846, the Government must show the existence of a conspiracy and that a particular defendant agreed to participate in it, intending to commit the underlying substantive drug offense. *Sepulveda*, 15 F.3d at 1173.

### B. Insufficiency
#### i. Temporal Specificity

In support of his argument the Indictment is defective because of its "open ended, non-finite time frame"—referring only to "[b]eginning on a date unknown, but not later than May 1, 2015, and continuing until a date unknown, but not earlier than January 25, 2016", *Def.'s Mot.* at 4-5 (quoting *Indictment* at 1),—Mr. Crosby cites *United States v. Cecil*, 608 F.2d 1294, 1296-97 (9th Cir. 1979), for the proposition that

4

indictments that are "open-ended in both directions" are subject to dismissal. *Def.'s Mot.* at 3-4. As the Court has noted in a prior case, *Cecil*'s precedential value within the Ninth Circuit is unclear. *United States v. Mbugua*, No. CR–10–116–B–W, 2010 WL 4024801, at *4 (D. Me. Oct. 13, 2010). After *Cecil*, the Ninth Circuit clarified that an open-ended time frame for a conspiracy alone "does not automatically render [an indictment] insufficient." *United States v. Miller*, 771 F.2d 1219, 1227 (9th Cir. 1985); *see also United States v. Forrester*, 616 F.3d 929 (9th Cir. 2010) (affirming denial of motion to dismiss for insufficiency of indictment for conspiracy to distribute and possess with intent to distribute ecstasy where indictment's temporal language read "Beginning at a date unknown to the grand jury and continuing up to and including October 18, 2001 . . ."); *accord United States v. Rohrer*, 708 F.2d 429, 435 (9th Cir. 1983).

The First Circuit discussed *Cecil* in *United States v. Gonzalez*, 915 F.2d 1557, at *4-6 (1st Cir. 1990) (per curiam). In *Gonzalez*, the First Circuit rejected an insufficiency argument against an indictment that alleged the acts giving rise to one count took place "from a time unknown to the Grand Jury to and including April 13, 1987" and that the acts underlying another count occurred "from on or about a time unknown until and including April 13, 1987." *Id.* at *4 (internal quotation marks and brackets omitted). In rejecting the defendant's attack on the indictment, the *Gonzalez* Court explained that the indictment in *Cecil* was deficient not merely because it was temporally open at both ends, but because it was so factually lacking "as to deprive the defendants of adequate notice of the charges against them." *Id.* at

5

*6. Thus, the conspiracy indictments in *Cecil* "were found deficient for a conjunction of reasons, not simply because the time frame alleged was too general." *Id.* In *United States v. Paiva*, 892 F.2d 148, 155 (1st Cir. 1989), the First Circuit similarly sanctioned an indictment that included "temporal specifications" such as "early 1983" and "the fall of 1983," finding them to be sufficiently narrow for defendant to prepare his defense without surprise.

Here, the Court concludes that the temporal information included in the Indictment is sufficient. Mr. Crosby is aware that the Government brings the conspiracy charge on the basis of activity it alleges took place at least between May 1, 2015 and January 25, 2016. This is more temporal specificity than in other indictments courts have declined to dismiss. While the Indictment leaves open the possibility that some conduct occurring before and/or after the roughly nine-month window could support the charge, this does not warrant its dismissal, for "the law is clear that it is sufficient for the indictment to allege approximate time parameters . . . ." *Worthy*, 842 F. Supp. 2d at 398.

### ii. Tracking Statutory Language and Double Jeopardy

Mr. Crosby complains that "[t]his Indictment merely tracks the statutory language of the offense and offers little more." *Def.'s Mot.* at 5. But, as the Supreme Court has observed, "an indictment parroting the language of a federal criminal statute is often sufficient." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007); *accord United States v. Stepanets*, 879 F.3d 367, 372, 373 n.4 (1st Cir. 2018). "It is generally sufficient that an indictment set forth the offense in the words of the statute

6

itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117. The Supreme Court identified as a key factor the degree to which guilt under the relevant statute depends upon specific identification of facts. *Compare Russell v. United States*, 369 U.S. 749 (1962) (guilt for alleged violation of criminal statute forbidding refusal to answer questions of congressional committee "pertinent to the question under inquiry" depends crucially upon subject matter of committee inquiry, and indictment was deficient for lack of specificity), *with Resendiz-Ponce*, 549 U.S. at 109-10 (guilt for violation of criminal statute forbidding attempted illegal reentry into the United States does not "depend so crucially upon such a specific identification of fact" and indictment was not insufficient for lack of specificity).

Here, the Indictment informs Mr. Crosby that he is charged with conspiring with others to distribute and possess with intent to distribute heroin in the District of Maine, *Indictment* at 1, and that one kilogram or more of heroin is attributable to him. *Id.* at 1-2. Mr. Crosby acknowledges that the indictment need not allege overt acts, and he does not specify in precisely what ways he believes the allegations come up short. *Def.'s Mot.* at 5. Participation in a conspiracy to distribute and to possess with intent to distribute heroin is a straightforward charge. Details of the method of distribution, customer base, pricing, and other such minutiae are not essential to establishing the existence of the conspiracy and Mr. Crosby's willful participation therein with the intent that the underlying drug offense be carried out. *See*

7

*Sepulveda*, 15 F.3d at 1173. "Courts must not inquire into the sufficiency of the evidence underlying the indictment—for when 'a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" *Stepanets*, 879 F.3d at 372 (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)). The Court concludes that the Indictment is sufficient as to its level of factual detail.

Mr. Crosby's assertion that the Indictment is not particularized enough for him to avoid subsequent prosecution for the same conduct is undeveloped and unpersuasive. The Indictment notes the statutory bases for the charge and provides relevant factual background. Mr. Crosby has identified no vagueness that would impede a hypothetical future double-jeopardy defense, and the Court perceives none. The Indictment provides Mr. Crosby enough information "to prepare a defense and to invoke double-jeopardy protections to forestall a later trial on the same charges." *Stepanets*, 879 F.3d at 373. Measured against the twin concerns in *Hamling v. United States*, in the Court's view, this Indictment: 1) "contains the elements of the offense charged and fairly informs [him] of the charge against which he must defend"; and, 2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117.

### iii. Failure to Name Co-conspirators

Mr. Crosby critiques the indictment for its failure to name his alleged co-conspirators "even though some are known to the Grand Jury." *Def.'s Mot.* at 5. The United States Supreme Court squarely addressed this:

> Of course, at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown.

*Rogers v. United States*, 340 U.S. 367, 375 (1951); *accord United States v. Nason*, 9 F.3d 155, 159 (1st Cir. 1993) (stating that "[a] defendant can be indicted and convicted even if the names of his co-conspirators are unknown, as long as the government presents evidence of an agreement between two or more persons"); *accord United States v. Penagaricano-Soler*, 911 F.2d 833, 839 n.5 (1st Cir. 1990) (describing the Supreme Court's statement in *Rogers v. United States* as "settled law").

## III.  CONCLUSION

The Court DENIES the Defendant's Motion to Dismiss for Insufficient Indictment (ECF No. 48).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2018