UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00123-JAW-1 |
| | ) | |
| MYRON CROSBY, Jr., | ) | |

**ORDER ON MOTION FOR RELEASE**

The Court dismisses an inmate's motion to be released from custody pending his appeal because he failed to address the "substantial question" requirement under 18 U.S.C. § 3143(b)(1)(B) which is incorporated into 18 U.S.C. § 3145(c) and because he failed to show that thirty days have lapsed since he asked the warden for compassionate release under 18 U.S.C. § 3582(c).

**I.   BACKGROUND**

   **A.   Procedural History**

After Myron Crosby, Jr. was convicted by a jury of engaging in a conspiracy to distribute heroin, a violation of 21 U.S.C. § 841(a)(1), the Court sentenced him on July 30, 2019, to one hundred and sixty-eight months of incarceration, five years of supervised release, a $100 special assessment, and no fine. *J.* (ECF No. 162).  On August 5, 2019, Mr. Crosby filed a notice of appeal to the Court of Appeals for the First Circuit and his appeal remains pending there. *Def.'s Notice of Appeal* (ECF No. 164).  On April 21, 2020, Mr. Crosby filed an emergency motion for release. *Emer. Mot. for Temp. Bail, Transfer to Home Confinement, or Compassionate Release* (ECF No. 177) (*Def.'s Mot.*).  On April 23, 2020, the Government responded, objecting to the motion. *Gov't's Resp. to Def.'s Mot. for Bail, or Compassionate Release, or for Transfer*

to Home Confinement (ECF No. 178) (*Gov't's Resp.*).  On April 27, 2020, Mr. Crosby refiled his original motion and some attachments, but he has not filed a reply.  *Emer. Mot. for Temp. Bail, Transfer to Home Confinement, or Compassionate Release*, Attachs. 1-3 (ECF No. 179) (*Def.'s Attachs.*).

### B.  Exhaustion of Administrative Remedy

In his emergency motion, Mr. Crosby does not mention whether he has sought release through the Bureau of Prisons (BOP).  *Def.'s Mot.* at 1-3.  In his April 27, 2020, attachments, Mr. Crosby attached a request he made of his case manager coordinator for release to home confinement.  *Def.'s Attachs.*, Attach. 1, *Email from Myron Crosby to Case Manager Coordinator (Apr. 13, 2020)*.  He also attached a letter from his appellate attorney Tina Schneider to Michael Carvajal, Director of the BOP, requesting Mr. Crosby's release to home confinement.  *Def.'s Attachs.*, Attach. 2, *Letter from Att'y Tina Schneider to BOP Director Michael Carvajal (Apr. 11, 2020)*.  Finally, Mr. Crosby attached a supplementary letter from Attorney Schneider to Director Carvajal dated April 13, 2020.  *Def.'s Attachs.*, Attach. 3, *Letter from Att'y Tina Schneider to BOP Director Michael Carvajal (Apr. 13, 2020)*.

## II.  DISCUSSION

Mr. Crosby claims entitlement to release under two statutory provisions: 18 U.S.C. § 3145(c),[1] through the incorporation of 18 U.S.C. § 3143(b)(1)(B), and 18

---

[1]  18 U.S.C. § 3145(c) reads:

> **(c) Appeal from a release or detention order.**—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of [28 U.S.C. § 1291] and [18 U.S.C. § 3731].  The appeal shall be determined promptly.  A person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §]

U.S.C. § 3582(c)(1). *Def.'s Mot.* at 1-3. Turning to the first statute, to be eligible for release while a case is on appeal, § 3145(c) incorporates the provisions of § 3143(b)(1)(B), which provides that a defendant must demonstrate he has raised a "substantial question" on appeal:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . ., be detained, unless the judicial officer finds . . . that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—**(i)** reversal, **(ii)** an order for new trial, **(iii)** a sentence that does not include a term of imprisonment, or **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(B); *see United States v. French*, No. 1:12-cr-00160-JAW, 2020 U.S. Dist. LEXIS 56155, at *5-6 (D. Me. Mar. 31, 2020). A review of Mr. Crosby's motion reveals that he makes no effort to demonstrate that he has in fact raised a "substantial question" on appeal. *See Def.'s Mot.* at 1-3. To the contrary, he merely argues that when, as here, the appellate briefs have not been filed, there must be an exception to the exception. *Def.'s Mot.* at 2 ("[T]here should be an analogous 'exceptional reasons' exception to this provision"). Mr. Crosby cites no authority for this proposition and the Court is aware of none. The clear statutory language militates against his contention since to accede to his argument, the Court would have to judicially excise the "substantial question" language from the statute. The Court does not reach, therefore, whether Mr. Crosby could demonstrate "exceptional reasons for why [his] detention would not be appropriate," 18 U.S.C. § 3145(c),

---

3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

because he failed to show that he has raised or will raise a "substantial question" on appeal.

Mr. Crosby also relies on the compassionate release provisions of 18 U.S.C. § 3582(c)(1).[2] *See Def.'s Mot.* at 3. To fit within this provision, however, the Court has ruled that the thirty-day notice requirement to the warden under § 3582(c)(1) is mandatory. *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *8 (D. Me. Apr. 10, 2020); *see United States v. Miamen*, CR Nos. 18-130-1 WES, 18-137-3 WES, 18-142 WES, 2020 U.S. Dist. LEXIS 67794, at *7 (D.R.I. Apr. 17, 2020) ("The statutory exhaustion provision in § 3582(c) is plainly mandatory"). In the attachments Mr. Crosby presented the Court, at some point earlier this month, he requested that the BOP grant him compassionate release.[3] As Attorney Schneider's letters were sent to BOP Director Carvajal, not the warden, and the critical date is receipt, not when she sent them, the Court does not know when the thirty-day period would have started based on her letters. *See Def.'s Attachs.*,

---

[2] 18 U.S.C. § 3582(c)(1) reads in pertinent part:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

[3] The statute requires a thirty-day lapse "from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1). The Court does not reach whether the two attorney letters to BOP Director Carvajal satisfy the statute or whether the Mr. Crosby's email to his case manager coordinator does so.

Attachs. 2-3. However, assuming his April 13, 2020, email to his case manager coordinator started the thirty-day exhaustion period, *see Def.'s Attachs.*, Attach. 1, *Email from Myron Crosby to Case Manager Coordinator (Apr. 13, 2020)*, the time the statute grants the BOP to respond has not yet lapsed.

The Court therefore dismisses without prejudice Mr. Crosby's emergency motion.[4] Mr. Crosby failed to provide any basis to allow the Court to conclude that his pending appeal "raises a substantial question" under § 3143(b)(1)(B) as required by § 3145(c) and failed to demonstrate that thirty days have lapsed since he requested compassionate release under § 3582(c). Mr. Crosby is free to return to the Court for release under either statute. Regarding § 3582(c), he may refile under that provision if "the BOP declines [his] request, or thirty days lapse, whichever occurs first . . .." *Miamen*, 2020 U.S. Dist. LEXIS 67794, at *9.

---

[4]   Some courts have ruled that the government or a court sua sponte may waive the thirty-day period. *See United States v. Soto*, No. 1:18-cr-10086-IT, 2020 U.S. Dist. LEXIS 67912, at *13 (D. Mass. Apr. 17, 2020); *United States v. Livingston*, No. 18-CR-416 (ENV), 2020 U.S. Dist. LEXIS 68071, at *2 (E.D.N.Y. Apr. 17, 2020) ("In the context of such extraordinary life-threatening circumstances, the crafting of judge-made exceptions to a statutory exhaustion requirement is not only appropriate, but compelled by the higher authority and God-made injunction to act, as the statute would otherwise permit, to save human life"); *United States v. Haney*, No. 19-cr-541 (JSR), 2020 U.S. Dist. LEXIS 63971, at *7-8 (S.D.N.Y. Apr. 13, 2020) (finding that the thirty-day waiting period was waivable). Other courts have concluded that the thirty-day requirement is not waivable. *See United States v. Tomlinson*, No. CR-18-08374-002-PCT-DWL, 2020 U.S. Dist. LEXIS 70711, at *2-3 (D. Ariz. Apr. 22, 2020); *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 U.S. Dist. LEXIS 69704, at *4-6 (D. Ariz. Apr. 21, 2020); *United States v. Epstein*, Crim. Action. No. 14-287 (FLW), 2020 U.S. Dist. LEXIS 62833, at *4 n.4 (D.N.J. Apr. 9, 2020); *see also United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (holding that the defendant's motion seeking early release in light of the COVID-19 pandemic was "futile" because the defendant "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement," which "presents a glaring roadblock foreclosing compassionate release at this point").
   Here, the Government objected and has not waived the thirty-day period. *Gov't's Resp.* at 7-12. The Court does not reach whether it could sua sponte waive the thirty-day period because Mr. Crosby did not raise the issue and the parties have not addressed it. Furthermore, Mr. Crosby has not presented the Court with evidence that an immediate ruling is necessary in his case to save human life.

## III. CONCLUSION

The Court DISMISSES without prejudice Myron Crosby, Jr.'s Emergency Motion for Temporary Bail, Transfer to Home Confinement, or Compassionate Release (ECF No. 177).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2020